UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TEVAUGHN BELL,

                Plaintiff,

      -against-

EARLY WARNING SERVICES, LLC,
CHEX SYSTEMS, INC.,
CITIBANK, N.A.,
CAPITAL ONE BANK, N.A.,
CITIZENS BANK, N.A.,
and NAVY FEDERAL CREDIT UNION,

           Defendants.
-------------------------------------------------------------------x

1:26-cv-00893

COMPLAINT

Plaintiff, TEVAUGHN BELL ("Plaintiff"), by and through his undersigned counsel, brings this action against Defendants EARLY WARNING SERVICES, LLC ("Early Warning"), CHEX SYSTEMS, INC. ("Chex Systems"), CITIBANK, N.A. ("Citibank"), CAPITAL ONE BANK, N.A. ("Capital One"), CITIZENS BANK, N.A. ("Citizens Bank"), and NAVY FEDERAL CREDIT UNION ("Navy Federal"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff Tevaughn Bell is a victim of identity theft. Beginning no later than 2020, identity thieves used Plaintiff's personal identifying information without his consent in connection with bank accounts and financial services, resulting in unauthorized account activity, account closures, and negative consumer reporting. This resulted in the bank Defendants named above falsely reporting fraudulent banking activity regarding Plaintiff to Early Warning Services and Chex Systems, which made it impossible for Plaintiff to open a bank account. Plaintiff filed a police

report and repeatedly disputes these accounts on his credit reports to no avail, leaving him no choice but to bring this action.

2. Plaintiff brings this action against Defendants Early Warning Services, LLC and Chex Systems, Inc. (hereinafter collectively referred to as the "CRA Defendants") – specialty consumer reporting agencies that maintain and report bank-account information - for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 et seq. The CRA Defendants failed to conduct reasonable and independent investigations after Plaintiff disputed identity-theft-related reporting, instead merely accepting furnisher responses and continuing to report inaccurate and derogatory information as belonging to Plaintiff.

3. Plaintiff also brings this action against Defendants Citibank, N.A., Capital One Bank, N.A., Citizens Bank, and Navy Federal Credit Union (the "Furnisher Defendants") for violating the FCRA, 15 U.S.C. § 1681s-2(b), by failing to conduct reasonable investigations after receiving notice of Plaintiff's disputes from the CRA Defendants. The Furnisher Defendants reported inaccurate account information as belonging to Plaintiff and wrongfully verified that information as accurate, despite the identity-theft nature of the accounts and activity.

4. Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, inaccurate and derogatory information was wrongfully listed on Plaintiff's consumer reports. This information was, at a minimum, a substantial factor in Plaintiff being denied banking services and credit, caused him damage to his reputation and consumer reporting profile, and resulted in emotional distress, as well as the expenditure of time and resources, annoyance, aggravation, and frustration.

5. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, and the NY FCRA, N.Y. GBL § 380 *et seq.*

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

7. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

8. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff, a natural person, is a resident of the State of New York and resides in Queens County. Plaintiff qualifies as a "consumer" within the meaning of the Fair Credit Reporting Act ("FCRA") and the New York Fair Credit Reporting Act ("NY FCRA"). See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

10. Defendant Early Warning Services, LLC is a limited liability company duly authorized and qualified to do business in the State of New York. Early Warning Services qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11. Defendant Chex Systems, Inc. is a corporation duly authorized and qualified to do business in the State of New York. Chex Systems qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12. Defendant Citibank, N.A. is a national banking association duly authorized and qualified to

do business in the State of New York. Citibank qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies concerning consumer transactions or experiences.

13. Defendant Capital One Bank, N.A. is a national banking association duly authorized and qualified to do business in the State of New York. Capital One Bank qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies concerning consumer transactions or experiences.

14. Defendant Citizens Bank, N.A. is a national banking association duly authorized and qualified to do business in the State of New York. Citizens Bank qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies concerning consumer transactions or experiences.

15. Defendant Navy Federal Credit Union is a federally chartered credit union duly authorized and qualified to do business in the State of New York. Navy Federal Credit Union qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies concerning consumer transactions or experiences.

**FACTUAL BACKGROUND**

16. Beginning no later than 2020, Plaintiff became the victim of identity theft involving the unauthorized use of his personal identifying information in connection with bank accounts and

financial services.

17. Prior to the identity theft, Plaintiff maintained consumer banking relationships and consistently acted in good faith with respect to his financial obligations.

18. As a result of the identity theft, accounts were opened, misused, or closed in Plaintiff's name without his authorization. Plaintiff did not engage in or benefit from the conduct later attributed to him by the furnishing banks.

19. In or around June and July 2020, Plaintiff first experienced adverse banking consequences involving Santander Bank, including the closure of a checking account and negative reporting associated with an account that Plaintiff did not authorize.

20. In July 2020, Plaintiff reported the identity theft to the Federal Trade Commission by submitting an identity theft report documenting the unauthorized use of his personal identifying information.

21. Plaintiff subsequently submitted additional identity theft reports to the Federal Trade Commission in 2021 and again in 2025 as the unauthorized activity and adverse reporting continued.

22. Plaintiff also filed a police report with the NYPD on December 17, 2022, regarding the fraudulent accounts opened in his name.

23. In December 2022, Citibank reported that a checking account in Plaintiff's name was closed for alleged "account abuse" and reported an unpaid balance. Plaintiff disputes that the activity was authorized and maintains that it resulted from identity theft.

24. In March 2023, Citizens Bank reported the closure of a checking account allegedly associated with Plaintiff, further restricting Plaintiff's access to banking services.

25. Plaintiff disputed the inaccurate and identity-theft-related reporting with Early Warning Services and Chex Systems on multiple occasions, including but not limited to written disputes submitted on or about November 14, 2025, and again in January 2026, explaining that the reported account activity did not belong to him. Those disputes contained the subject FTC Fraud Affidavit and Police Report, which qualify as an "identity theft reports" under the FCRA.

26. On or about January 14, 2026, Early Warning Services issued reinvestigation results verifying disputed information furnished by Citibank as accurate.

27. On or about January 16, 2026, Early Warning Services rescinded an identity theft block related to information furnished by Navy Federal Credit Union.

28. On or about January 21, 2026, Early Warning Services rescinded an identity theft block related to information furnished by Citibank and reinserted the disputed information after receiving verification from the furnishing institutions.

29. Chex Systems likewise forwarded Plaintiff's disputes to the furnishing banks, including Citibank, Capital One Bank, Citizens Bank, and Navy Federal Credit Union, thereby providing notice of the disputes under the Fair Credit Reporting Act.

30. The CRA Defendants merely accepted the furnishing banks' responses, failed to conduct reasonable and independent investigations, and verified the disputed information as accurate.

31. Early Warning Services initially applied identity theft blocks to Plaintiff's consumer file but later rescinded those blocks and reinserted disputed information furnished by Citibank and other institutions.

32. As a result of the inaccurate reporting maintained by Defendants, Plaintiff was denied banking services and consumer and business credit products by institutions including Citibank, American Express, Capital One, Axos Bank, and FourLeaf Federal Credit Union.

33. As of this date, Defendants continue to inaccurately report identity-theft-related information as belonging to Plaintiff.

34. Plaintiff has suffered harm as a result of Defendants' conduct here. The inaccurate and derogatory information wrongfully listed in Plaintiff's consumer reports was, at a minimum, a substantial factor in Plaintiff being denied banking services and credit, caused him significant emotional distress and damage to his reputation, adversely impacted his consumer reporting profile, and resulted in the expenditure of time and resources, annoyance, aggravation, and frustration.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA
Against All Defendants

35. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36. Defendants Early Warning and Chex Systems each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the FCRA. See 15 U.S.C. § 1681a(d).

37. Such reports erroneously attributed bank accounts to Plaintiff that he did not open but rather were fraudulently opened in his name.

38. Defendants Early Warning and Chex Systems willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the disputed accounts after Plaintiff provided them with an identity theft report identifying the fraudulent accounts.

39. Defendants Early Warning and Chex Systems willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681c-2(c) by failing rescinding the block of the reporting of the disputed accounts without any legal basis for doing so.

40. Defendants Early Warning and Chex Systems willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the fraudulently opened accounts.

41. Defendants Early Warning and Chex Systems willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

42. Defendants Early Warning and Chex Systems willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the subject disputed accounts from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

43. Defendants Early Warning and Chex Systems willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681e(b) by failing to reasonable procedures to ensure maximum possible accuracy while issuing consumer reports in Plaintiff's name.

**SECOND CAUSE OF ACTION**
VIOLATION OF 15 USC 1681s-2(b)
Against the Furnisher Defendants
Citibank, Capital One, Citizens Bank and Navy Federal Credit Union

44. Plaintiff repeats and realleges each and every allegation as set forth above as if reasserted and realleged herein.

45. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

46. After receiving notification of the Plaintiff's disputes from Early Warning and Chex Systems, the Furnisher Defendants each willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes of the erroneous and derogatory information associated with disputed accounts, and by failing to review all relevant information regarding Plaintiff's disputes thereof.

47. The Furnisher Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by the consumer reporting agency Defendants in conducting its reinvestigations of the subject disputed accounts.

48. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**THIRD CAUSE OF ACTION**
VIOLATION OF THE NY FCRA
Against Defendants Early Warning and Chex Systems Only

49. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

50. Defendants Early Warning and Chex Systems each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the NY FCRA. See N.Y. GBL § 380-a(c)(1).

51. Such reports erroneously included false and derogatory payment information associated with the subject disputed accounts. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380–j(a)(3).

52. Defendants Early Warning and Chex Systems willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject fraudulently opened accounts.

53. Defendants Early Warning and Chex Systems willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject fraudulently opened accounts from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

54. Defendants Early Warning and Chex Systems willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject fraudulently opened accounts from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

55. Defendants each published credit reports regarding the Plaintiff on multiple occasions containing the erroneous and derogatory payment information associated with the subject accounts and the subject fraudulently opened accounts, causing the Plaintiff to suffer economic harm via being denied the ability to open and maintain bank account and obtain credit, in addition to

emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

56. Accordingly, Defendants are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

57. Plaintiff is thus further entitled to an injunction requiring the CRA Defendants to remove the erroneous and derogatory payment information associated with the subject disputed accounts from the Plaintiff's respective credit files, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: February 16, 2026

Respectfully submitted,

*Kevin Mallon*
_____
Kevin C. Mallon
Mallon Consumer Law Group, PLLC
550 Kinderkamack Road, Suite 117
Oradell, NJ 07649
(917) 734-6815
kmallon@consmerprotectionfirm.com
*Attorneys for Plaintiff*